UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| WEATHERBY LOCUMS, INC., | : | Case No. 1:13-cv-372 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| SOUTHWEST HEALTHCARE OF BROWN COUNTY OHIO, LLC d/b/a SOUTHWEST REGIONAL MEDICAL CENTER, | : | |
| Defendant. | : | |

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT ON SUM CERTAIN (Doc. 8)**

This civil action is before the Court on Plaintiff's Motion for Default Judgment on Sum Certain. (Doc. 8). Defendant did not file a responsive memorandum.

## I.     PROCEDURAL HISTORY

The Complaint in this case was filed on May 31, 2013. (Doc. 1). A Summons Returned Executed was docketed on June 6, 2013, indicating service on Defendant on June 3, 2013 and establishing an answer due date of June 24, 2013. (Doc. 4). Defendant has failed to answer or otherwise plead.

## II.     ANALYSIS

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided in the Federal Rules of Civil Procedure and that fact is shown by affidavit or otherwise, the Clerk shall enter the party's default. *See* Fed. R. Civ. P. 55(a). Once the default has been entered, the well-pleaded facts of the

complaint relating to liability must be accepted as true.  *See Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983).  However, those allegations relating to the amount of damages suffered are ordinarily not, and a judgment by default may not be entered without a hearing on damages unless the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits.  (*Id.*)

The failure of Defendant to respond has made it clear it has no intention of defending this action.  Therefore, default judgment is warranted.  Plaintiff moves for default judgment for the sum certain of $251,261.39, plus pre- and post-judgment interest at the contractual rate of 1.5% per month on the unpaid balance, plus "costs."  (Doc. 8; Doc. 8-1 at 1).

As the amount claimed plus interest is supported by an affidavit and capable of ascertainment from definite figures contained in the documentary evidence, a hearing on damages is not required.  Plaintiff's alleged "costs," however, have not been documented and cannot be granted on the record before the Court.

### III. CONCLUSION

Accordingly, based on the foregoing:

1. Plaintiff's Motion for Default Judgment on Sum Certain (Doc. 8) is **GRANTED IN PART;** and

2. Plaintiff is awarded judgment against Defendant in the amount of $251,261.39 plus pre- and post-judgment interest at the contractual rate of 1.5% per month on the unpaid balance.

2

**IT IS SO ORDERED.**

Date: 9/3/13                                                                 *s/ Timothy S. Black*
                                                                             Timothy S. Black
                                                                             United States District Judge